JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-09448-RGK-SP | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Patricia Lima v. Costco Wholesale Corporation, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand and Leave to File First Amended Complaint [DE 13]

## I. INTRODUCTION

On June 18, 2020, Patricia Lima ("Plaintiff") filed this action against Costco Wholesale Corporation ("Costco") and DOES 1-50 in state court alleging negligence and willful failure to warn, Cal. Civ. Code § 846. These claims arise from injuries sustained in an accident at a Costco store. On July 28, 2020, Costco removed the case to federal court, but the case was remanded to state court because Costco had failed to show that the amount in controversy exceeded $75,000. Once Costco learned that Plaintiff's request for damages exceeded $75,000, it again removed the case to federal court on October 15, 2020.

Plaintiff has now learned the identity of Costco's manager at the time of her injury—Chantal Kupelian. Plaintiff wants to amend her Complaint to add Kupelian as a defendant. Since Kupelian is a citizen of California, like Plaintiff, there would not be complete diversity, and the case would (again) be remanded to state court.

Presently before the Court is Plaintiff's Motion to Remand and Leave to File First Amended Complaint. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff visited a Costco. While shopping, she tripped over a palette that had been left in the aisle, injuring herself.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09448-RGK-SP | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Patricia Lima v. Costco Wholesale Corporation, et al.* | | |

### III.    JUDICIAL STANDARD

Generally, leave to amend is governed by Fed. R. Civ. P. 15, which prescribes that the Court must "freely give leave to amend absent any apparent or declared reason—such as undue delay bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment or other showings." *Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (internal quotation marks omitted) (internal citation omitted). "However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is a greater discretion in determining whether to allow the amendment." *Id.* (citing 28 U.S.C. § 1447(e)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087–1088 (C.D. Cal. 1999) (noting that once a case has been removed to federal court Rule 15(a)'s presumption of validity cannot apply, and instead courts must scrutinize under 28 U.S.C. § 1447(e)). Under 28 U.S.C. § 1447(e), where a plaintiff seeks to join an additional defendant after removal, it is within the court's discretion whether to permit joinder of a party that will destroy diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The court may "deny joinder[ ] or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### IV.    DISCUSSION

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts consider six factors when addressing joinder under § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), (2) whether the statute of limitations would preclude an original action against the new defendants in state court, (3) whether there has been unexplained delay in requesting joinder, (4) whether joinder is intended solely to defeat federal jurisdiction, (5) whether the claims against the new defendant appear valid, and (6) whether denial of joinder will prejudice the

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09448-RGK-SP | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Patricia Lima v. Costco Wholesale Corporation, et al.* | | |

plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("*IBC*"); *see, e.g., Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

### A.  Just Adjudication

"A necessary party is one having an interest in the controversy, or whose absence would impede their ability to protect their interest or would subject any of the parties to the danger of inconsistent obligations." *IBC*, 125 F. Supp. 2d at 1011. The manager of the store where the accident occurred has an interest in the controversy. Costco argues that Kupelian is not a necessary party because, if she were added, Costco would be vicariously liable for Kupelian's actions. But as explained in *Franco v. Costco Wholesale Corp.*, No. CV 18-7586-MWF (AFMx), 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018), "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [the manager of the Costco location] supports Plaintiff's argument that [the manager] is a necessary party to this action, and not merely tangentially related." Because Kupelian has an interest in the controversy, this factor weighs in favor of joinder.

### B.  Statute of Limitations

California has a two-year statute of limitations for personal injury claims. Cal. Civ. Pro. Code § 335.1. Plaintiff was injured on March 15, 2020, so the statute of limitations would not "preclude an original action against the new defendants in state court." *IBC*, 125 F. Supp. 2d at 1011. Thus, this factor favors not permitting joinder.

### C.  Unexplained Delay

Plaintiff filed her initial Complaint on June 18, 2020 and her Motion to Amend on November 13, 2020. Costco argues that this five-month delay in identifying Kupelian should prevent joinder. But *IBC* asks courts to consider whether there has been unexplained delay *in requesting joinder*, not the overall amount of time between the initial Complaint and this present motion. 125 F. Supp. 2d at 1011 (own emphasis added). Plaintiff states that she discovered Kupelian's identity on November 2, 2020. She filed this Motion only eleven days later on November 13, 2020. The Court therefore finds that there was no unexplained delay in requesting joinder, which favors permitting joinder.

### D.  Intention of Joinder

Costco argues Plaintiff's motive for joining Kupelian is to destroy diversity jurisdiction. "The Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal. Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F. Supp. 2d at 1012. Because of Kupelian's alleged responsibility as manager to ensure that Costco was

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-09448-RGK-SP | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Patricia Lima v. Costco Wholesale Corporation, et al.* | | |

free of hazardous conditions, the Court finds that Plaintiff's desire to add Kupelian as an individual defendant is reasonable. *See id.* Therefore, this factor weighs in favor of granting the Motion.

### E. Validity of Claims

Costco argues that the proposed First Amended Complaint would be futile because it does not allege facts against Kupelian outside of those covered under respondent superior. While this may true, at this point, "the Court is concerned with the validity rather than the viability of Plaintiff's claims . . ." against Kupelian. *Franco*, 2018 WL 6333674, at *3. To show that Plaintiff's claims against Kupelian are invalid, Costco must show that Kupelian "cannot be liable on any theory." *Id.* (quoting *Garcia v. Costco Wholesale Corp.*, No.11-cv-8653-ODW, 2011 WL 6260358, at *2 (C.D. Cal. Dec. 15, 2011)). Costco has not shown that Plaintiff's proposed claims against Kupelian are invalid or that she would otherwise be a sham defendant. *See Wright v. Costco Wholesale Corp.*, No. 2:20-cv-02653-RGK-PJW, 2020 WL 2747234, at *2 (C.D. Cal. May 27, 2020). Thus, Plaintiff has sufficiently alleged a valid claim against Kupelian, and this factor weighs in favor of allowing joinder.

### F. Prejudice to Plaintiff

Plaintiff argues that denial of leave to amend would prejudice her because she would be forced to "choose between pursuing a parallel action in state court involving redundant litigation . . ." Mot. Amend at 8, ECF No. 13. Costco counters that it would be prejudiced if Kupelian is added because "Costco will incur fees and costs to defend Kupelian in state court, doubling the cost and volume of discovery, and work to obtain a dismissal of her by way of a motion for summary judgment." Opp'n at 11, ECF No. 18. Neither parties' reasons for prejudice are particularly compelling and essentially boil down to Plaintiff's preference for state court and Costco's preference for federal court. But weighing each sides preference would not be fruitful because "both parties may point to any number of procedural reasons why this case should be adjudicated in [her] or its preferred forum." *Franco*, 2018 WL 6333674, at *4.

Nevertheless, there are practical reasons for permitting joinder. The proposed claims against Kupelian are closely connected to the claims against Costco, there is a risk of inconsistent results if Plaintiff is forced to litigate in two separate forums, judicial resources may be unnecessarily expended, and there is no trial date yet. *Id.* Accordingly, this factor weighs in favor of granting joinder.

### V. CONCLUSION

For the foregoing reasons, the Court finds that the balance of relevant factors favors Plaintiff. The Court therefore **GRANTS** Plaintiff's Motion for Leave to File the First Amended Complaint. Since both parties agree that Kupelian is a citizen of California, there is no longer complete diversity. *See* Mot.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09448-RGK-SP | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Patricia Lima v. Costco Wholesale Corporation, et al.* | | |

at 2, Opp'n. at 3. Therefore, the Court also **REMANDS** this action to state court for lack of subject matter jurisdiction.

    cc: LASC, Case No. 20STCV23041

    **IT IS SO ORDERED.**

                                                                                                                    _____ : _____

Initials of Preparer          jre